CENTRAL BANK & TRUST COMPANY ET AL., v. MRS. N. M. WYATT ET AL.

(Filed 27 January, 1926.)

**1. Equity—Requisites of Estoppel in Pais.**

It is necessary to an equitable estoppel *in pais* that the party claiming it has relied on the act of the party sought to be estopped, to his own disadvantage, which would not otherwise have occurred.

**2. Tenants in Common—Partition—Title—Issues.**

Unless put at issue by adversary claim, the title to lands is not involved in proceedings to partition lands among tenants in common, and a judgment therein does not estop the parties in respect thereto.

**3. Same—Deeds and Conveyances—Minerals—Reservation in Deed—Tenants in Common—Lands—Partition—Estoppel—Title.**

Where the parties claim as heirs at law of the original owner, or through certain mineral interests in lands reserved from his deed to another, and one of them has acted as a commissioner in proceedings partitioning the lands among them in which the title to such mineral interest was not involved: *Held,* the judgment in such proceedings does not estop him to claim his interest in the mineral rights reserved in the original deed.

**4. Deeds and Conveyances—Registration—Judgment—Partition of Lands —Notice—Purchaser for Value—Equity—Statutes.**

Where an heir at law of an original owner of lands has a reserved mineral interest in his recorded deed to lands, and is not estopped to assert his title by partition proceedings duly had, his successors in title are not estopped from asserting title thereto against subsequent purchasers from the other heirs at law, they having acquired with notice by registration of the original deed from the common source of title, and the proceedings in partition.   C. S., 3309.

APPEAL by defendants from *Ragland, Emergency Judge,* at March Term, 1925, of YANCEY.   Affirmed.

Special proceeding for sale of mineral interest in land for partition. Plaintiffs allege that they and defendants, own as tenants in common, the mineral interests in the tract of land described in the petition.   Defendants deny that plaintiffs own any interest in or share of said minerals.   Upon the trial it was admitted that plaintiffs and defendants claim from a common source, to wit, J. W. Higgins.   It was further admitted that defendants rely upon their plea of estoppel, and that if said plea does not avail them, plaintiffs are owners of one-half said mineral interests and are entitled to have sale for partition, in accordance with the prayer of their petition.

The court held as a matter of law, upon the admissions and record evidence, that plaintiffs and defendants own the said mineral interests as tenants in common, and rendered judgment that same be sold for partition.   From this judgment defendants appealed.

*Watson, Hudgins, Watson & Fouts for plaintiff.*
*Charles Hutchins and A. Hall Johnston for defendants.*

CONNOR, J.   On 17 July, 1877, John W. Higgins and wife, by deed duly probated and registered in Yancey County, conveyed to Edward E. Wilson, a tract of land, containing about 200 acres, situate in said county.   In the habendum clause of said deed, the grantors reserved "one-half of all the mineral found upon the premises."   Upon the former appeal in this cause, we held that by virtue of said reservation, J. W. Higgins, notwithstanding the execution and delivery of said deed, remained the owner in fee of one-half of the mineral interests in the land conveyed therein.   This is the same land as that described in the petition herein: 189 N. C., 107, opinion by *Justice Adams.*

Upon the death of Edward E. Wilson, the said land (except so much thereof as was sold and conveyed by him), descended to his heirs-at-law, among whom it was partitioned under a decree rendered in a special proceeding, to which all of said heirs were parties. J. W. Higgins was appointed by the court as one of the commissioners to divide said land;

he accepted said appointment, acted as such commissioner, and signed the report, in which shares were set apart and allotted to each of said heirs, in severalty. This report was confirmed, and each of said heirs entered into possession of his or her share. No reference is made in the petition, order for partition, or report of the commissioners to the reservation by J. W. Higgins of one-half the mineral interest in said land, in the deed under which Edward E. Wilson, claimed title thereto, or to any claim to the same by J. W. Higgins, by virtue of said reservation.

J. W. Higgins is dead; plaintiffs claim one-half the mineral interests in said land, under him, and rely upon the reservation of the same in his deed to Edward E. Wilson. Defendants now own the shares in said land, allotted to the heirs at law of Edward E. Wilson, in the partition made in the special proceeding by J. W. Higgins and others as commissioners. They contend that plaintiffs are estopped by the conduct of J. W. Higgins, as commissioner, to set up or assert title, under him, to the mineral interests in said land; that having signed the report, allotting to each of the heirs at law of Edward E. Wilson, a share of said land, without any reference to or mention of any claim to the said mineral interests, J. W. Higgins was estopped thereafter to claim title to said mineral interests under the reservation in his deed to Edward E. Wilson.

Plaintiffs, having derived their title from and succeeded to the estate of J. W. Higgins are privies in estate with him; and so, defendants are privies in estate, with the heirs at law of Edward E. Wilson. If by his conduct as commissioner in the special proceeding to partition the lands which descended to them from Edward E. Wilson, J. W. Higgins was estopped to assert, as against the heirs at law of Edward E. Wilson, title to the mineral interests in said land, under his reservation in the deed to their ancestor, then he and his privies are estopped to assert such title as against defendants, privies of said heirs at law. *Dudley v. Jeffries,* 178 N. C., 111; *Watford v. Pierce,* 188 N. C., 430. The question presented here is to be considered precisely as if it had arisen between J. W. Higgins, and the heirs at law of Edward E. Wilson. *Simpson v. Blaisdell,* 35 A. S. R. (Me.), 348, cited and approved by *Justice Adams* in *Watford v. Pierce, supra;* 21 C. J., 1109, sec. 108; Story's Eq. Jur., vol. 3, sec. 2014 (14 ed.).

All the right, title and estate of Edward E. Wilson, upon his death, descended to his heirs at law, as tenants in common. The effect of the partition of the land among them was simply to destroy the unity of their possession. It did not affect the title by which each heir held an undivided interest in the land before, and his share in severalty, after the partition. Neither of them acquired any greater title to or interest

in the land, as the result of the partition, than he had before as an heir-at-law. Neither gave any consideration for his share or changed his position in any respect by reason of the conduct of J. W. Higgins, as one of the commissioners who made the partition under the order of the court.

One of the requisites of an estoppel *in pais,* or an equitable estoppel, as stated in Pomeroy's Eq. Jur., vol. 2, sec. 805 (2 ed.), is that one who relies upon a plea of estoppel must show that he has relied and acted upon the conduct of the party sought to be estopped and that he has changed his position for the worse, because of such reliance. No man ought to be estopped from asserting a lawful right by one who has suffered no loss by reason of the conduct alleged and shown in support of the plea, except when it is invoked to promote justice. "The doctrine is founded upon equity and good conscience; and the party claiming the estoppel must have done something, paid something, or in some way changed his position for the worse, so that he will not be left, or cannot be put back, in his former condition, in case the other party is allowed to assert his original rights." Story's Eq. Jur., vol. 3, sec. 1898 (14 ed.).

Applying this principle, it cannot be held that an heir, to whom a share in the real estate, which descended to him and other heirs from his ancestor, as tenants in common, has been allotted, can avail himself of the plea of estoppel against the claim of one who acted as commissioner in partition proceedings, by which the real estate was partitioned and who thereafter asserts an interest in said real estate, which was valid as against the ancestor by reason of a duly recorded deed, because such commissioner did not disclose such claim at the time the real estate was divided. The heir has lost nothing by the conduct of the commissioner; he has not changed his position in reliance upon such conduct; neither equity nor good conscience requires that the commissioner shall be estopped from asserting his claim, which in the instant case, is admittedly rightful and lawful.

It does not appear whether defendants are purchasers for value from the heirs of Edward E. Wilson or not; if they are such purchasers, this fact does affect the question, for they purchased with notice, from the records of Yancey County, of the right of J. W. Higgins to one-half of the minerals on the lands, under the reservation in his deed to Edward E. Wilson. They are in no better position than they would be if they were claiming under a deed registered subsequent to the registration of a deed from their ancestor to J. W. Higgins for the said mineral interest. C. S., 3309.

*Hutton v. Horton,* 178 N. C., 548, does not sustain the contention of defendants in this case. It is true that in that case, the conduct of the defendant who was a chain bearer upon the survey of the lands, made

under an order in the special proceeding, for sale for partition, was held to estop him from asserting claim to the land adverse to plaintiff; but this was in favor of a purchaser, who bought at the sale and paid for the land. The distinction between a purchaser at a sale for partition who pays for the land, and an heir who takes his share in severalty by descent, is obvious.

There was no error in holding as a matter of law, upon the admissions and records offered in evidence, that plaintiffs were not estopped by the fact that J. W. Higgins, under whom they claimed, was one of the commissioners who signed the report in the special proceeding for partition, and that no reference was made in said special proceeding to his claim to one-half the mineral interests in said land. The judgment is

Affirmed.