ORCHARD SCENIC DEVELOPMENT COMPANY v. BON MARCHE.

(Filed 24 February, 1937.)

**1. Mortgages § 42—Lessee of mortgagor held entitled to unfixed chattel as against purchaser at foreclosure sale.**

The owners of a building executed a deed of trust on same, "together with all engines, boilers, . . . all heating apparatus, . . . and all fixtures of every description belonging to the mortgagors." Thereafter a lessee of the *cestuis* bought and installed an Iron Fireman Stoker for use in connection with the heating plant. The deed of trust was foreclosed, the property being described in the identical terms used in the deed of trust. It was found as a fact that the stoker was complete in itself and could be removed without injury to the freehold, and plaintiff purchaser abandoned any contention that it was a fixture. *Held:* Since the stoker was not covered by the deed of trust and was not affixed to the realty, the lessee is entitled to remove same as against the grantee of the purchaser at the sale, nor is the lessee estopped to assert its claim by failing to assert title at the sale and give notice of its claim, since only property "belonging to said mortgagors" was sold under the foreclosure, and since it was found as a fact that no officer or agent of the lessee made any representation in regard to the ownership of the stoker.

**2. Estoppel § 6c—**

A lessee, owning an unfixed chattel in the building, is not estopped from asserting ownership as against the purchaser at the sale under foreclosure by failing to assert title at the sale when the description of the property at the sale covers only property "belonging to the mortgagors" and does not include the lessee's chattel.

APPEAL by plaintiff from *Phillips, J.,* at November Term, 1936, of BUNCOMBE.

Civil action to restrain removal of Iron Fireman Stoker from Bon Marche building in Asheville.

The essential facts as found by the general county court follow:

1. On 14 February, 1929, Morris Lipinsky and wife executed deed of trust in favor of Northwestern Mutual Life Insurance Company on the Bon Marche building in Asheville, "together with all engines, boilers, . . . all heating apparatus, . . . and all fixtures of every description belonging to said mortgagors," etc.

2. The Iron Fireman Stoker was purchased and installed in August, 1929, by the Bon Marche, Inc., a tenant under lease from Morris Lipinsky and wife. This stoker is a mechanical device, used for heating the boiler in said building, complete within itself, and can be removed without injury to the freehold. It was never the property of the owners of said building.

3. In 1935, the deed of trust above mentioned was foreclosed in equity, the property sold being described in the exact terms used in the deed of

trust. The tenant, Bon Marche, Inc., filed an answer in said action, but raised no issue as to the title to the Iron Fireman Stoker. The Northwestern Mutual Life Insurance Company became the purchaser at said sale, and in 1936 sold the property, so acquired, to the Orchard Scenic Development Company, plaintiff herein.

4. In purchasing said property, "the plaintiff relied upon the judgment of the Superior Court and the title acquired from the commissioner, reasonably believing and did believe that it was purchasing and obtaining thereunder the Iron Fireman as a part of the heating apparatus connected with the aforesaid Bon Marche building. However, no officer or agent of the Bon Marche, Inc., ever at any time made any representation regarding the ownership of said Iron Fireman, or discussed the same in any way with the plaintiff or any officer or agent of the plaintiff."

5. On the hearing, the plaintiff abandoned any contention that the Iron Fireman was a fixture or had become a part of the realty.

Upon these, the facts chiefly pertinent, there was judgment for the plaintiff in the general county court, which was reversed on appeal to the Superior Court.

From this latter judgment the plaintiff appeals, assigning error.

*J. W. Pless for plaintiff, appellant.*
*Adams & Adams for defendant, appellee.*

STACY, C. J. With the finding that the Iron Fireman in question was not covered by the deed of trust and the further concession that it never became a fixture, or a part of the realty, *Springs v. Refining Co.,* 205 N. C., 444, 171 S. E., 635, it follows that the tenant's right to remove the same can only be denied, if at all, on the principle of estoppel, *Bank v. Winder,* 198 N. C., 18, 150 S. E., 489, which is here negatived by the finding that "no officer or agent of the Bon Marche, Inc., ever at any time made any representation regarding the ownership of said Iron Fireman, or discussed the same in any way with the plaintiff or any officer or agent of the plaintiff."

It is true that where one stands by and without protest suffers his property to be sold to an innocent purchaser, it is but meet that thereafter he should be estopped from denying the title acquired at said sale. *McNeely v. Walters, ante,* 112; *Sugg v. Credit Corp.,* 196 N. C., 97, 144 S. E., 554; *Trust Co. v. Wyatt,* 191 N. C., 133, 131 S. E., 311; *Upton v. Ferebee,* 178 N. C., 194, 100 S. E., 310; *LeRoy v. Steamboat Co.,* 165 N. C., 109, 80 S. E., 984; *Holmes v. Crowell,* 73 N. C., 613; *Armfield v. Moore,* 44 N. C., 158. "What I knowingly induce my neighbor to regard as true is the truth as between us, if he has been misled to his injury by my asseveration or conduct"—*Walker, J.,* in *Boddie v.*

*Bond,* 154 N. C., 359, 70 S. E., 824.   In the instant case, however, there is no contention that the Iron Fireman was covered by the deed of trust, or that it was offered for sale by the commissioner.   Only the property "belonging to said mortgagors" was sold under the foreclosure.   Hence, the doctrine of estoppel would seem to be inapplicable.

The case of *Bank v. Planting and Refining Co.,* 107 La., 650, quite similar in many respects to the one at bar, is distinguishable by reason of the fact that there "the opponent stood by and without protest suffered these movables to be thus sold."

On the record, the judgment of the Superior Court appears to be correct.

Affirmed.