LULA H. HERRING, WIDOW; FORREST HERRING AND WIFE, DOROTHY B. HERRING; JASTEEL H. FIELDS AND HUSBAND, JESSE FIELDS; EUNICE W. HODGES, WIDOW; PERSIS H. CRAWFORD AND HUSBAND; P. H. CRAWFORD, JR.; AND MARY H. WARREN AND HUSBAND, A. D. WARREN, JR. v. VOLUME MERCHANDISE, INC., A CORPORATION, AND EFIRD'S DEPARTMENT STORE OF KINSTON, N. C., INC., A CORPORATION; JOHN M. BELK, R. L. MANSFIELD AND GIBSON L. SMITH.

(Filed 27 April, 1960.)

**1. Frauds, Statute Of, § 6c:    Landlord and Tenant § 10½ —**

Evidence that the agent of lessors advised the agent of lessee that lessors, effective the end of that month, would accept the lessee's prior offer to surrender the premises more than three years before the end of the term, and that the lessee assigned the lease during the same month and the assignee took possession of the property, *is held* insufficient to support a cause of action by lessors against the lessee's assignee, since the agreement to accept a surrender of the lease at a future date was executory and precluded by the statute of frauds.

2. **Estoppel § 4—**

> Estoppel may not be invoked in order that the person asserting the estoppel may gain a profit, but estoppel may be asserted only as a shield to save him harmless.

APPEAL by plaintiffs from *Fountain, S. J.,* September 8, 1959 Term, of LENOIR.

Plaintiffs seek to recover damages for the asserted wrongful detention of their property described in a lease from them to Efird's Department Store of Kinston, N. C., for a term to expire 31 January 1960. They allege Volume Merchandise was in actual possession, claiming the right to occupy by virtue of an assignment of the lease which had at the time of the assignment terminated by surrender or estoppel. Defendants asserted rightful possession and pleaded the statute of frauds to repel the alleged termination of the lease. The case was here at the Fall Term 1958 on appeal by plaintiffs from a judgment based on the pleadings. See 249 N.C. 221, 106 S.E. 2d 197. At the conclusion of plaintiffs' evidence the court granted the motions of defendants for nonsuit and plaintiffs appealed.

*Jones, Reed & Griffin, White & Aycock for plaintiff appellants.*

*John G. Dawson and Albert W. Cowper for Volume Merchandise, Inc. and David M. McConnell and John L. Green, Jr., for Efird's Department Store of Kinston, N. C., Inc., John M. Belk, R. L. Mansfield, and Gibson L. Smith.*

RODMAN, J. When the case was here before we held the statute of frauds was applicable to a parol offer to surrender a lease having more than three years to run, but had no application to an agreement to terminate consummated by an actual surrender. We also held the doctrine of estoppel in *pais* could be invoked when the facts were sufficient to call for its application.

The questions now for determination are: (1) Is there any evidence of an agreement to terminate consummated by an actual surrender? (2) Is there evidence sufficient to support plaintiffs' claim of estoppel?

The evidence viewed most favorably for plaintiffs suffices to permit a jury to find these facts: Belk's and Efird's, corporate structures, owned competing subsidiary corporations located in Kinston. Belk's acquired the stock of Efird's and thereby gained control of its subsidiary, defendant Efird's Department Store of Kinston. J. M. Belk became its president. Defendants Mansfield and Smith, real estate agents of Belk's, were also agents for defendant Efird's. J. M. Tyler was the merchandise manager of Belk-Tyler Company, Belk's

subsidiary in Kinston. Early in October 1956 Mansfield and Smith went to Kinston, hoping to arrange a cancellation of the lease held by defendant Efird's. They were introduced by Tyler to P. H. Crawford, Jr., agent for the owners, as persons in charge of the real estate operations of defendant Efird's. Mansfield and Smith offered to cancel and surrender the lease, but Crawford refused to accept cancellation and surrender without compensation. Efird's declined to make any payment for the privilege of surrendering. Crawford was given Mansfield's and Smith's address in Charlotte where he could communicate with them if the owners wished to accept the offer to surrender. He was told that any offer he had to communicate could be given to Tyler. Following this conference, Crawford and the Belk interests each began looking for a tenant for the property. On 8 November 1956 Crawford notified Tyler he had arranged to lease the property as of 1 December 1956 to Miles Shoes of Kinston, Inc., and would therefore accept the offered cancellation effective 1 December 1956. Tyler indicated his approval.

Defendant J. M. Belk, as president of Efird's, assigned the lease to Volume Merchandise in November. This assignment was part of a contract between the Belk interest and Volume Merchandise covering the assignment of several leaseholds. Belk notified Tyler that the assignment had been made and was then informed by Tyler that Crawford had contracted to lease the property beginning 1 December 1956 to Miles Shoes of Kinston, Inc. Belk thereupon telephoned Crawford and informed him of the assignment by Efird's to Volume Merchandise. The lease from plaintiffs to Efird's provided for a monthly payment of $400 for the period here in controversy. The lease which Crawford as agent for the owners arranged with Miles Shoes provided for a guaranteed minimum monthly rent of $660 plus additional rent if the shoe company's sales should exceed estimated amounts. The contract with the shoe company provided for a ten-year term with the right to renew for additional periods.

Defendant Volume Merchandise, pursuant to the assignment, took possession of the property. The $400 monthly rent as provided in the lease under which it took possession has been paid.

Assuming but not deciding there is evidence to show that Tyler had authority to act for defendant Efird's on 8 November 1956, the evidence does no more than show an agreement to terminate at a future date, to wit, 30 November 1956. Such an agreement is within the statute of frauds and not having been consummated by an actual surrender, the lease remained in force, binding on lessors and lessee.

Plaintiffs make no claim that they have suffered any loss by the

refusal of Efird's to comply with the asserted agreement to terminate. Crawford testified: "So if the landowners lose this case they will still be in the position they were in before negotiations were started about surrendering the Efird lease." Equity does not estop one from asserting his legal rights to enable another to make a profit which he could not otherwise obtain. As said in *Lindsay v. Cooper*, 94 Ala. 170, 33 Am. St. Rep. 105: "(E)stoppels are protective only, and are to be invoked as shields, and not as offensive weapons. Their operation, in all cases, should be limited to saving harmless, or making whole, the person in whose favor they arise, and they should not in any case be made the instruments of gain or profit." *Miller v. Casualty Co.*, 245 N.C. 526, 96 S.E. 2d 860; *Textile Corp. v. Hood, Comr. of Banks*, 206 N.C. 782, 175 S.E. 151; *Trust Co. v. Wyatt*, 191 N.C. 133, 131 S.E. 311; *Leroy v. Steamboat Co.*, 165 N.C. 109, 80 S.E. 984; *Rainey v. Hines*, 120 N.C. 376; *East v. Dolihite*, 72 N.C. 562; Estoppel, 19 Am. Jur. sec. 85, 31 C.J.S. sec. 74.

Affirmed.