GAY JOHNSON'S WYOMING AUTOMO-
TIVE SERVICE CO., Inc., a Corporation,
Appellant (Plaintiff below),

v.

CITY OF CHEYENNE, a Municipal Cor-
poration, Appellee (Defendant below),

John C. Arp and Mildred K. Arp,
Interveners.

No. 3012.

Supreme Court of Wyoming.

March 20, 1962.

Hickey, Raper, Rooney & Walton, Chey-
enne, for interveners.

Before BLUME, C. J., and PARKER,
HARNSBERGER and McINTYRE, JJ.

PER CURIAM.

We dealt with the matter of estoppel in
our original opinion. On petition for re-
hearing the interveners, John C. Arp and
Mildred K. Arp, continue to insist that a
miscarriage of justice will result if they
are unable to prevail against the plaintiff,
Gay Johnson's Wyoming Automotive Serv-
ice Co., on the basis of estoppel.

Our holding was to the effect that
the City of Cheyenne had no fee title in
the streets and alleys in question and con-
sequently there was no right or authority
by which the contemplated sale could have
been legally effected. The barring of plain-
tiff's action on the grounds of estoppel
would not change that situation. It would
only permit the interveners to pay out
$20,162.50 without receiving anything in
return.

In 31 C.J.S. Estoppel § 148, pp.
436–437, it is pointed out that estoppel gen-
erally may be asserted as a matter of de-
fense or for the protection of a right but
not for the "creation of a right." As a
general rule, estoppel operates to put the
party entitled to its benefit in the same
position as if the thing represented were
true, but that is as far as it can operate.
Estoppel should never be invoked as an
instrument of gain or profit but should be
confined to saving harmless or making
whole the party in whose favor it arises.
Herring v. Volume Merchandise, Inc., 252
N.C. 450, 113 S.E.2d 814, 816; Bowes v.

Lambert, 114 Ind.App. 364, 51 N.E.2d 83, 85, 51 N.E.2d 897.

We have not upheld any property rights or title in Gay Johnson, and we could not if we would create any in the Arps. The only thing represented by the Johnson company is that it believed the City could sell. The doctrine of equitable estoppel says in effect that the Arps may be in the same position they would be in if Johnson does in truth so believe. Arps do not claim indemnification, and the doctrine of estoppel cannot operate to profit either the City of Cheyenne or the Arps by establishing an ownership in the City which otherwise was not there.

▆▆ The remedy of estoppel is available only for protection and not as a weapon of assault. Klein v. Farmer, 85 Cal.App.2d 545, 194 P.2d 106, 110. Furthermore, as affirmed in May v. City of Laramie, 58 Wyo. 240, 131 P.2d 300, 313, no estoppel ordinarily results from acquiescence in the violation of a law. Consequently, not even the acquiescence of Johnson could give legal efficacy to an unauthorized action on the part of the City.

Other matters presented by Mr. and Mrs. Arp in their petition for rehearing are either based upon a misconstruction of our opinion or relate to matters already considered and disposed of in the original decision. It is claimed, for example, that we have held that § 34–115, W.S.1957, does not state that the "public" was the grantee of the deed referred to therein, and also that we held the provisions of § 34–120, W.S.1957, applicable to this case. What we said was that the absence of an indication in § 34–115 as to whom the grantee shall be construed to be, and the provisions of § 34–120, seem to nullify any thought that the "municipal corporation" could be construed as a recipient of the fee.

The petitioners further claim that we have held that general laws pertaining to cities of the first class do not apply to charter cities. In that connection they quote language from May v. City of Laramie, supra, at page 131 P.2d 314, pertaining to legislative enactments which apply to "all cities and towns in this state." What we said is that § 15–89, W.S.1957, from the date of its enactment to the date of its repeal, was always a part of an act pertaining "only" to cities of the first class and not to a city with a special charter. The section was not a legislative enactment which applied to all cities and towns.

The original opinion dealt fully with the construction and effect of § 15–89 and with the matter of historical writings which interveners point to, outside of the record, for the purpose of showing that the City of Cheyenne was platted in 1867 rather than in 1870 as stipulated to in the record. Despite additional insistence upon these points in the petition, we do not deem it necessary to discuss them further.

Rehearing denied.