James P. BAILEY, Appellant,

v.

William R. TRAVIS, Appellee.

No. 13075.

Court of Civil Appeals of Texas, Austin.

March 5, 1980.

Rehearing Denied April 2, 1980.

Ray Fisher, Fisher & Ashby, Austin, for appellant.

David W. Hilgers, Hilgers, Watkins & Hays, Austin, for appellee.

SHANNON, Justice.

Appellee William R. Travis sued appellant James P. Bailey for attorney's fees in the district court of Travis County. Appellee, an attorney, claimed that he was due his fee for services he had rendered appellant, his former client, for preparation and trial of a lawsuit in Bastrop County. After jury trial, judgment was entered for appellee. We will affirm the judgment.

Appellant and appellee had entered into a written contract for appellee to represent appellant in the Bastrop County lawsuit. A copy of the contract was admitted in evidence without objection. Among other things, appellant agreed in the contract to pay appellee fifty dollars for each hour spent on the cause. A disputed fact issue concerned the number of hours that appellee had expended on the preparation and trial of the cause. The district court submitted the question to the jury by special issue number one:

"Find from a preponderance of the evidence the number of hours, if any, which were necessary and reasonable on the part of [appellee] in the proper preparation and trial of [the Bastrop County lawsuit]."

The court's submission of special issue one is the foundation for appellant's points of error two and three. Point of error two is that the district court erred in submitting special issue one ". . . without more, because that issue failed to place before the jury the controlling issues raised by the pleadings and the evidence." Appellant's objection to special issue one was that ".. . . the evidence and pleadings in this case clearly raise the issue of the terms of the contract between [appellee] and [appellant], and whether under the terms of that contract any sums are now due and owing to [appellee] by [appellant]. The issue as presented does not submit that fact issue to the Jury."

It is doubtful that appellant has pointed out distinctly the grounds of his objection. Tex.R.Civ.P. 274. "An objection must identify the defect at which it is aimed, the respect in which the issue is alleged to be defective, and why." Hodges, *Special Issue Submission in Texas*, § 62 (Supp.1969). Assuming, *arguendo*, that the basis for appellant's objection was properly stated, this Court is of the view that the objection does not state any ground for reversal of the judgment. Contrary to the suggestion in appellant's objection, it is not the function of the trier of fact to determine "the terms of the contract" between the parties. The contract was admitted in evidence without objection, and its construction, if necessary, was for the court. Appellant did not plead and did not request special issues submitting any affirmative defenses to the parties' contract. As the case was tried, the jury's only role was to determine the amount of time appellee expended in preparing and trying the Bastrop County lawsuit. It was the district court's task to ascertain the sum due appellee by applying the hourly rate set by the contract to the number of hours the jury found appellee spent in the preparation and trial of the lawsuit. Point of error two is overruled.

Appellant by point of error three complains that the district court erred in refusing to submit appellant's requested special issue since it "properly submitted the controlling issues raised by the pleadings and the evidence." The requested issue reads as follows:

"What sum of money, if any, do you find from a preponderance of the evidence is *now owing to* [appellee] by [appellant] for services rendered and furnished by [appellee] to [appellant] and accepted by [appellant]?"

The proper method to complain of the trial court's submission of a defective

special issue is by objection, and a request for submission of an issue, even in correct form, will not preserve the complaint. *City of Dallas v. Priolo*, 150 Tex. 423, 242 S.W.2d 176 (1951); Tex.R.Civ.P. 274; Hodges, *Special Issue Submission in Texas*, §§ 69, 70 (Supp.1969). Point of error three is overruled.

Appellant's final point of error is that the district court erred in overruling his motion for continuance. Appellee filed suit on May 18, 1978, and obtained a setting for trial for January 15, 1979. Appellant engaged in no discovery until about five weeks before the trial setting. On December 7, 1978, appellant propounded Rule 168 interrogatories to appellee. Appellee filed his answers to the interrogatories on January 10, 1979.

As one basis for his motion for continuance, appellant claimed that appellee's responses to the interrogatories were "incomplete and/or inadequate in several respects." As a result, appellant maintained that further discovery might be required to prepare the case for trial.

"Matters of discovery are by their very nature pretrial devices designed to expedite and narrow the issues to be determined by a trial on the merits. The means of discovery should be utilized in a timely manner and should not be delayed until just before trial." *Southwestern Bell Telephone Co. v. Griffith*, 575 S.W.2d 92 (Tex.Civ.App. 1978, writ ref'd n.r.e.).

Appellant had ample time for discovery after the case was set for trial. Appellant did not employ the means for discovery in an orderly and timely manner. Appellant's delay in preparation for trial should not result in continuing the case. Under these circumstances, the district court did not err in denying the motion for continuance. The point of error is overruled.

The judgment is affirmed.

Affirmed.

SMITH, J., not sitting.