GAY JOHNSON'S WYOMING AUTOMO-
TIVE SERVICE CO., Inc., a Corporation,
Appellant (Plaintiff below),

v.

CITY OF CHEYENNE, a Municipal
Corporation, Appellee (Defendant
below).

John C. Arp and Mildred K. Arp, Interveners.

No. 3012.

Supreme Court of Wyoming.

Dec. 29, 1961.

Mulvaney & Mulvaney, Cheyenne, Vincent Mulvaney, for appellant.

Philip White, Cheyenne, for appellee.

Hickey, Raper, Rooney & Walton, John J. Rooney, Cheyenne, for interveners.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Gay Johnson's Wyoming Automotive Service Company, the plaintiff, negotiated to purchase all of the lots in Blocks 781, 782 and 811 of the original City of Cheyenne, intending to build a service station and motel. It then requested the City of Cheyenne to vacate and sell the alleys in the three blocks, all of the street between Blocks 781 and 782 and a portion of the street abutting those two blocks on the north.

The City acted favorably upon this request and adopted a resolution for the vacation of the area involved and for its sale to the highest bidder for cash in accordance with law. John C. Arp and Mildred K. Arp submitted a bid of $20,-162.50 which was the highest offer made, and it was accepted. The Johnson company then brought this action in the district court of Laramie County seeking an injunction against the City to restrain the sale.

### Estoppel

The Arps intervened in the case and argued that the plaintiff was estopped from maintaining its suit for an injunction since it had requested the vacation and sale. The district judge refused the relief sought and held that plaintiff was estopped.

The City did not plead estoppel as an affirmative defense and as required by Rule 8(c), Wyoming Rules of Civil Procedure. In its brief before this court it refers to the dismissal of the plaintiff's complaint by the district judge upon the basis of estoppel and states that such disposition did not answer the questions which are raised upon this appeal. It then expressed the hope that, in order to guide the City of Cheyenne in this case and in the future, this court would see fit to answer the two following questions:

1. Upon vacation of a street or alley does the City of Cheyenne have the power to sell?

2. If the City does not have the power to sell does the title to the street remain in the City or does it revert to the abutting property owners?

Even the interveners recognize that the defense of estoppel is available only where the actions of a plaintiff have operated to the prejudice of a defendant. Nothing in the way of a detriment is pointed out or suggested to us, but we can assume that the City has paid out the cost of advertising the sale. This would not be sufficient detriment to invoke the equitable principle of estoppel. See McConnell v. Dixon, 68 Wyo. 301, 233 P.2d 877, 885–886; Rohrbaugh v. Mokler, 26 Wyo. 514, 188 P. 448, 450; and 31 C.J.S. Estoppel § 67, p. 254.

### Dedication and Vacation

The rule, when not modified by statute, is that upon vacation of a public street or alley the land involved reverts to the owner thereof, variously held to be the municipality, the abutting owner, or dedicator. 11 McQuillin, Municipal Corporations, § 30.202, pp. 164–166 (3d ed.). Under common law, at dedication the public or municipality acquires an easement in the streets and alleys, but the fee remains in the original proprietor or abutting owner. 11 McQuillin, Municipal Corporations, § 33.03, pp. 586–587 (3d ed.); 25 Am.Jur., Highways, § 134, p. 430; 64 C.J.S. Municipal Corporations § 1681, pp. 60–61.

In the case at bar, all of the parties have stipulated that a plat was filed in the office of the county clerk of Laramie County on September 21, 1870, which plat encompassed the "Town of Cheyenne" and included Blocks 781, 782 and 811 with the streets and alleys here involved. This plat shows that it was executed by G. M. Dodge, as trustee for the owners of the lots, lands and premises described. The words of dedication were these: "and dedicate the streets, alleys, and public grounds thereof as shown on said plat to the public use."

With respect to the existence of modifying statutory provisions we find nothing in the laws of the Territory of Wyoming then in effect which could have a bearing upon the question of ownership. No statutes of that date are called to our attention. Counsel for the interveners points to certain

historical writings which indicate that the City of Cheyenne plat was originally filed in the year of 1867, at which time Cheyenne was a part of the Territory of Dakota. He claims that there was then in existence an 1862 law of the Territory of Dakota which would affect the question of ownership.

■ The evidence and the stipulation of the parties are such that we must assume for the purposes of this case that the City of Cheyenne was platted and the streets and alleys dedicated under the plat filed September 21, 1870. This, incidentally, was several months after the legislative body of the Territory of Wyoming repealed all laws enacted by the Territory of Dakota, Ch. 84, Laws of the Wyoming Territory, 1869.

The only statutes adopted subsequent to 1870 which are cited as possible statutes capable of vesting legal title to the instant lands in the City of Cheyenne are § 34–115, W.S.1957, an enactment adopted by the Wyoming Territorial Legislature in 1875, and § 15–89, W.S.1957, adopted in 1909 and repealed subsequent to the judgment in this case by ch. 100, S. L. of Wyoming, 1961.

■ Section 34–115, which was originally ch. 116, § 3, Compiled Laws of Wyoming 1876, specifies that the acknowledgment and recording of a plat is equivalent to a deed in fee simple of such land as is set apart for streets. It does not indicate, however, who the grantee shall be construed to be, and we would have no basis for reading into it something which is not there. Moreover, the same act of which that section is a part provides for the vacation of all or part of a plat by the proprietors thereof. It then declares in another section, originally ch. 116, § 7, Compiled Laws of Wyoming 1876, and now § 34–120, W.S.1957, that when such a vacation is made "the proprietors of the lots so vacated may enclose the streets, alleys and public grounds adjoining lots in equal proportions." This would seem to nullify any thought that the municipal corporation could be consrtued as a recipient of the fee.

Regarding § 15–89, counsel for the Arps quote out of context one sentence which prior to repeal read:

"* * * Whenever any street, avenue, alley, or lane shall be vacated, the same shall remain the property of the city * * *."

Obviously no street or alley could "remain" the property of a city unless it first belonged to the city. In that connection, we notice that the same section first provided that no street or alley shall *hereafter* be dedicated to public use or be under the control of a municipality unless the dedication be accepted and confirmed in a specified manner. Then, according to the same section, after "such" dedication and acceptance and confirmation the title in fee was to be in the city.

■ This entire statute construed together could apply only to a dedication, acceptance and confirmation made after the date of enactment, which was in 1909. In addition, § 15–89 from the date of its enactment to the date of its repeal was always a part of an act pertaining only to cities of the first class and not to a city with a special charter. Nothing in the record before us shows Cheyenne to have qualified as a city of the first class. See §§ 15–21 and 15–32, W.S.1957.

■ The parties agree that the common law must govern in this situation unless there is a statute to the contrary. Examination discloses that there was no such statute. Accordingly, the common-law rule governed and fee title failed to vest in the city, in this particular instance.

Since under the common-law rule the City of Cheyenne acquired no fee title in the streets and alleys here in question at the time of dedication and since there is no statute by which it acquired such fee, there was no right or authority by which the contemplated sale could have been legally effected. The order which was entered in the district court was unsupported by the evidence and was contrary to law.

Reversed.