470 P.2d 254

Raymond MALLORY, Plaintiff and Appellant,

v.

Charles W. TAGGART, Zions First National Bank, et al., Defendants and Respondents.

No. 11919.

Supreme Court of Utah.

May 26, 1970.

2. See M & S Construction Engineering Co. v. Clearfield State Bank, 19 Utah 2d 86, 87, 426 P.2d 227 (1967).

Dwight L. King, Salt Lake City, for plaintiff and appellant.

Louis M. Hansen, Henry D. Moyle, Jr., Salt Lake City, for defendants and respondents.

ELLETT, Justice.

The plaintiff appeals from a judgment in his favor in the amount of $12,631.25 and

contends that it should have been for $24,026.10. The case was tried to the court without a jury and arose out of the following facts:

The plaintiff agreed to sell to the defendant Taggart 140 shares of corporate stock, and Taggart agreed to pay therefor the sum of $76,000 based upon the plaintiff's representation that the corporation could give good title to 980 acres of land which it owned. The parties mutually agreed that if good title could be given to more or less than 980 acres, the price of $76,000 was to be multiplied by a fraction, the numerator of which would be the actual acres to be conveyed and the denominator would be 980.

A part of the land owned by the corporation was subdivided in 1890 and 1891 by its then owner, and plats showing lots, streets, and alleyways were duly filed in the office of the county recorder of Salt Lake County. The contract for sale of the stock provided: "The corporation is the owner in fee, subject only to easements of record, of 980 acres more or less of land, * * *"

The principal question presented by this appeal is whether the corporation can give good title to the acreage included in the streets and alleyways as shown by the plats on file.

Such streets and alleyways exist only on paper, since nothing has ever been done by way of opening them to the public or laying them out on the ground. The corporation owns all of the land which was platted, and no rights in and to the alleyways and streets exist in any third parties.

Chapter 50, Laws of Utah 1890, after providing for the laying out and platting of land by an owner, reads as follows:

Such maps and plats when made, acknowledged, filed and recorded with the county recorder shall be a dedication of all such avenues, streets, lanes, alleys, commons or other public places or blocks, and sufficient to vest the fee of such parcels of land as are therein expressed, named or intended for public uses for the inhabitants of such town and for the public for the uses therein named, or intended.

This statute dedicated to the public only the surface rights to the use of the streets, alleyways, and so forth, as is shown by the case of Sowadzki v. Salt Lake County, 36 Utah 127, 104 P. 111, 117 (1909). That case is squarely in point with the instant matter. There the owner of a five-acre tract of land had it surveyed, platted, and recorded in the office of the Salt Lake County Recorder in July 1890. There, as in the instant case, the land lay outside of any incorporated city. The owner in that matter platted Wabash Avenue but never opened it up for the use of the public and never used it as a road.

In 1907 the Salt Lake County Supervisor of Roads undertook to open up Wabash Avenue as shown on the plat. The owner brought the above entitled action to restrain the county from interfering with her property. The identical question was presented and argued to the court in that case which is involved in the matter now before us. There the court at page 142 of the Utah Reports, 104 P. at page 116, said:

* * * While the word "fee" is used in the section, it is clear from what follows that it was not intended that the fee of the corpus or land itself should pass, but only the fee to the surface, and this only for public use for all purposes of a street or highway. The fee mentioned in the statute was thus what is known as a limited or determinable fee, and was created for a special purpose or purposes only, and hence was subject of abandonment. * * *

Section 1116, R.S.U. 1898, was enacted reading as follows:

All highways once established must continue to be highways until abandoned by order of the board of county commissioners of the county in which they are situated, by operation of law, or by judgment of a court of competent jurisdiction; *provided,* that a road not used or worked for a period of five years ceases to be a highway.

This statute was amended in 1911 by omitting the clause following the semicolon. However, the amendment would not operate to give to the public any rights in streets and alleyways which the statute of 1898 had taken therefrom and restored to the owners of the land. In the Sowadzki case, supra, this court held that Salt Lake County had no right to open Wabash Avenue, and at page 143 of the Utah Reports, 104 P. at page 117 held as follows:

In view of our statute upon the subject of streets and highways, and of the authorities which we have cited, we are clearly of the opinion that Wabash avenue was dedicated as a public highway; that upon the filing for record of the plat by Mr. Dankowski the dedication was complete and Wabash avenue thenceforth was a highway dedicated to public use; that under our statutes there is a distinction with respect to the use and abandonment of streets in cities and towns and of highways or roads outside of such cities and towns; that section 1116 applies to all roads and highways outside of cities and towns irrespective of how they were established or created; and that any public road or highway of a county of this state if not used or worked for a period of five years whether from the time it was established or created or from the time it is no longer used ceases to be a public highway, and

the county authorities, after such time has elapsed, cannot open it, except in the manner provided by law for the establishment and opening of highways generally. From this it necessarily follows that the county supervisor had no legal right or authority to interfere with appellant's house or property situated within the limits of Wabash avenue, and the respondent should therefore be enjoined from such interference. * * *

Whatever may be the law now regarding ownership of dedicated streets, the law in force and effect when the land in the instant matter was subdivided and platted was to the effect that only a limited fee was granted to the public, and such interest as may have vested in the public by virtue of the plat was lost by nonuser pursuant to Section 1116, R.S.U. 1898.

▇ The trial court erred in holding that the corporation could not give good title to the following parcels of land: 55.25 acres in platted streets; 5.29 acres in platted alleyways; 1.39 acres in 2100 South Street; 2.51 acres on Redwood Road; 2.25 acres on 3100 South Street; 1.6 acres of miscellaneous rights of way; or a total of 68.29 acres.

Other assignments of error are made, but we find them to be without merit; and except as to the 68.29 acres of land, as above set out, the judgment of the trial court is affirmed. The case is reversed with orders to the trial court to recalculate the amount to be paid to the plaintiff in conformity with this decision. Costs are awarded to the plaintiff.

CROCKETT, C. J., and TUCKETT, CALLISTER and HENRIOD, JJ., concur.