**RUBY DRILLING CO., INC.,**
**Appellant (Defendant),**

v.

**Jay BILLINGSLY, Deborah Billingsly, husband and wife, and Andrew Cornelius, Appellees (Plaintiffs).**

No. 5785.

Supreme Court of Wyoming.

March 22, 1983.

Michael A. Maycock of Daly, Maycock, Anderson & Taylor, P.C., Gillette, for appellant.

No appearance for appellees.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

1. Appellees Billingslys and Cornelius chose not

ROSE, Justice.

This is an appeal from a judgment rendered in favor of the appellees Jay Billingsly, Deborah Billingsly and Andrew Cornelius for damages resulting from an alleged trespass committed by the appellant Ruby Drilling Co., Inc. Appellant argues that the district judge erred in finding that appellant committed a trespass and in awarding the appellees damages for continuing trespass.[1] The issue to be addressed is whether or not, under the facts as developed at trial, the appellant is liable for trespassing upon the appellees' property. We will hold that Ruby Drilling Co., Inc. did not commit a trespass and will reverse.

## FACTS

On July 6, 1972, the Campbell County Planning and Zoning Commission approved a platted subdivision to be known as Concho Valley Estates. The plat and map of the subdivision were approved by the Board of County Commissioners of Campbell County on July 7, 1972, and these instruments were filed and recorded on that date. The plat and map revealed that each street appearing thereon was to have its own name and that these streets resulted in the creation of a 60-foot-wide right-of-way easement. The effect of the easement was that each of the 45 lots was encumbered by a 30-foot right-of-way easement for street purposes and the easements traversed such areas of the properties as would otherwise belong, unencumbered, to the various lot owners.

The appellees are the owners of two adjoining lots in the Concho Valley Estates. Their property is bordered on the west by an access road designated in the recorded plat as Falcon Avenue. At the time of trial no provision had been made for establishing a central water supply or distribution system for the subdivision, but the record reveals that the appellees shared a water well which supplied their residences.

In 1976, the appellant Ruby Drilling Co., Inc. drilled a deep-water well near the subdivision and ever since has been trying to

to file a brief or appear at oral argument.

reach some kind of an agreement with the lot owners for the sale of the water. During the summer of 1980, the owner of Ruby Drilling Co., Inc. met with a group of Concho Valley Estates homeowners but no agreement to supply water was reached. However, one homeowner, a Mr. Don Meis, desired to hook up to appellant's well.

On January 11, 1981, as a result of discussions with Meis, appellant installed a water line. This installation required the digging of a trench, the laying of a four-inch pipe, and backfilling. The trial court found that the pipeline was installed in the barrow ditch east of the traveled portion of Falcon Avenue, but within a distance of 22 feet from the road's center line. The evidence, therefore, established that the water line was located within the lines designated on the plat as the Falcon Avenue easement. It was also established that the pipeline was laid without the permission of any of the appellees.

Because appellant failed to obtain permission, appellees filed a complaint alleging that Ruby Drilling had trespassed on their property causing them damage. Appellant generally denied the commission of a trespass upon the properties of the appellees and filed a counterclaim. The counterclaim was dismissed on appellees' motion for summary judgment and the case went to trial on the trespass claim resulting in the previously mentioned judgment entered in appellees' favor.

## THE LAW

As we noted above, the cause of action filed by appellees in this case was for an alleged trespass that occurred as a result of Ruby Drilling's laying of the water line.

We have also made mention of the fact that the evidence established that the water line was installed within the boundaries of the 60-foot Falcon Avenue easement described on the plat filed with the county clerk in 1972. Given these facts, the sole question to be answered concerns whether or not the appellees had any claim to possession of the portion of the easement used for the water line, so that an action for trespass would in fact lie.[2]

A resolution of the question requires us to determine the effect of the dedication of the easement on the plat. The appellant argues that it is of no significance that the notation on the plat does not state that the roadway easements are dedicated to the public because the language of § 34–12–104, W.S.1977,[3] requires a finding that the recording of the plat operates as a dedication of the 60-foot Falcon Avenue to the public. Appellant goes on to argue that, given the above dedication, the appellees could not maintain an action for trespass since they had no right of possession in any portion of the Falcon Avenue easement.

We have construed the predecessors of § 34–12–104, supra, in the past and those cases are applicable here since the language of the statute has not changed substantially over the years.

In *Tissino v. Mavrakis,* 67 Wyo. 560, 228 P.2d 106 (1951), we held that the language of the statute intending the platting of a subdivision, and the sale of lots in accordance therewith, constituted a public dedication of the streets which are shown upon the plat. We also held that the platting and recording of a subdivision in accordance with the statutes[4] resulted in the county or

2. The gist of an action for trespass in Wyoming is injury to possession, and a plaintiff must show possession or the right to immediate possession at the time of the trespass. *Noble and Carmody v. Hudson,* 20 Wyo. 227, 122 P. 901 (1912).

3. Section 34–12–104, W.S.1977 provides:
"The acknowledgment and recording of such plat, is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets, or other public

use, or is thereon dedicated to charitable, religious or educational purposes."

4. The platting and recording of a subdivision are controlled by the general provisions found in §§ 34–12–102 and 34–12–103, W.S.1977. Section 34–12–102 reads:
"Every original owner or proprietor of any tract or parcel of land, who has heretofore subdivided, or shall hereafter subdivide the same into three (3) or more parts for the purpose of laying out any town or city, or any addition thereto, or any part thereof, or

city acquiring fee title to all streets and ways set out therein.

We modified the above holding in *Tissino v. Mavrakis,* supra, in two later cases that had to do with the power of municipalities to sell or transfer property formerly dedicated to the public through operation of the statute. In *Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne,* Wyo., 367 P.2d 787 (1961), and *Payne v. City of Laramie,* Wyo., 398 P.2d 557 (1965), we held that the intent of the language of § 34–115, W.S.1957 (predecessor to § 34–12–104, W.S.1977) was not to vest the city or county with fee title to the land underlying a street or alley but rather the terms of the statute merely conveyed to the public authority a title in trust for the public's benefit. This position was reiterated in *Morad v. Brown,* Wyo., 549 P.2d 312 (1976).

█ These cases at least stand for the proposition that the language of present § 34–12–104, W.S.1977, was intended to grant the public an interest in streets and ways set out on a properly platted and recorded subdivision map. We assume, however, that had appellees submitted a brief, they would argue that the plat as filed expressed no intent that Falcon Avenue be dedicated to the "public" but rather all it says is that "[e]ach street bears its own name and has a 60' right of way easement as shown." We also assume that they would rely on our decisions in *Carr v. Hopkin,* Wyo., 556 P.2d 221 (1976), and *Gregory v. Sanders,* Wyo., 635 P.2d 795 (1981), for the authority for the proposition that no public dedication of Falcon Avenue occurred.

*Carr v. Hopkin,* supra, involved a case in which appellant had constructed a water line across certain property claimed by appellee, which lands had been designated for use as a street on a plat of the subdivision. Although in that case we held that appellee had an action for trespass, that holding is to be distinguished from what we say here, because there the plat had never been filed or recorded, nor had the disputed easement ever been used for a street. We believe the holding in *Gregory v. Sanders,* supra, has little bearing on the present circumstances because there some of the disputed roads had clearly been reserved on the plat for private use of the lot owners.

█ Given these authorities, we are of the opinion that, under the facts of record

suburban lots, shall cause a plat of such subdivision, with references to known or permanent monuments, to be made, which shall accurately describe all the subdivisions of such tract or parcel of land, numbering the same by progressive numbers, and giving the dimensions, and length and breadth thereof, and the breadth and courses of all the streets and alleys established therein. Descriptions of lots or parcels of land in such subdivisions, according to the number and designation thereof, on said plat contained, in conveyances, or for the purposes of taxation, shall be deemed good and valid for all intents and purposes. The duty to file for record a plat, as provided herein [§§ 34–12–101 to 34–12–104, 34–12–106 to 34–12–115], shall attach as a covenant of warranty, in all conveyances of any part or parcel of such subdivisions by the original owners or proprietors, against any and all assessments, costs and damages, paid, lost or incurred by any grantee, or person claiming under him, in consequence of the omission on the part of said owner or proprietors to file such plat."

Section 34–12–103 reads:

"Every such plat shall contain a statement to the effect that 'the above or foregoing subdivision of (here insert a correct description of the land or parcel subdivided) as appears on this plat, is with the free consent, and in accordance with the desires of the undersigned owners and proprietors,' which shall be signed by the owners and proprietors, and shall be duly acknowledged before some officer authorized to take the acknowledgement of deeds. The plat shall meet the approval of the board of county commissioners if it is of land situated without the boundaries of any city or town or by the governing body of the city or town if situated within the boundaries of such city or town. When thus executed, acknowledged and approved, said plat shall be filed for record and recorded in the office of the clerk of the proper county; provided, however, that any such plat of land adjacent to any incorporated city or town, or within one (1) mile of the boundaries of any such city or town, shall be jointly approved by both the board of county commissioners of said county and the governing body of said city or town before same shall be filed and recorded in the office of the county clerk as aforesaid."

in this case, the 60-foot-wide Falcon Avenue easement was in fact dedicated to the public through operation of the applicable statutes. The roadway was established (appellees claimed no ownership rights to the roadway), they bought their lots with reference to the recorded plats, and nothing on the plat suggests an intent that Falcon Avenue was designated as a private right-of-way.

Having come to this conclusion, we must also conclude that appellees could not maintain an action for trespass. This holding flows from the fact that the entire 60-foot-wide area was dedicated to the public and the dedication was not restricted to only that portion being used for a roadway. This being so, the appellees as owners of lots in the subdivision only have a right to the use of the Falcon Avenue easement for ingress and egress to their property; they have no possessory interest in that area sufficient to provide the underpinning for an action in trespass.

It may be said that appellees could have maintained an action for interference with their right to use the easement, but such allegations were never made. It appears from the record that the case was tried on the theory of trespass and we hold that no action could be maintained on that ground. The above resolution obviates the need to discuss appellant's remaining issue having to do with the award of damages for continuing trespass.

Reversed.

ROONEY, Chief Justice, specially concurring.

I concur, but I take exception to the statement in the majority opinion that:

"the holding in *Gregory v. Sanders,* supra [Wyo., 635 P.2d 795 (1981)], has little bearing on the present circumstances because there some of the disputed roads had clearly been reserved on the plat for private use of the lot owners."

As pointed out in my dissent to that case, the plats of the five subdivisions involved in that case, clearly and unambiguously dedicated the roads thereon to the public. Notarized statements on plats for Subdivisions 1, 2, 3, and 4 so dedicated the roads "as shown on the foregoing Plat," and a notarized statement on the plat for Subdivision 5 dedicated "to the public use *existing* roads and ways." The roads under consideration were then existing roads. There was no reservation for private use on the plats.

Although the majority opinion in *Gregory v. Sanders,* supra, does not harmonize with this opinion, the dissent in it does, and the holding in this case is proper.