CITY OF EVANSTON, Wyoming, a Wyoming municipal corporation, Appellant (Defendant),

Cities Service Company, a corporation; Amoco Production Company, a corporation; Mesa Petroleum Company, a corporation; and Burton/Hawks, Inc., a corporation; Rex L. Randolph; Steve C. Champlin; R. Downs Poindexter; Grady Vaughn; Albert Sklar; R.K. O'Connell; Rainbow Resources, Inc.; Terra Resources, Inc.; EMC Energies, Inc.; Frank L. Schulte; Horizon Oil & Gas Co.; William R. Dixon; Husky Oil Co.; First Interstate Bank of Casper, N.A.; Bill Hawks; Guy Burton, Jr.; Bill D. Farleigh; and Williams Exploration Company, (Defendants),

v.

George L. ROBINSON and Sarah J. Robinson, husband and wife; Kilburn Porter and Nellie Evaline Porter, husband and wife, Appellees (Plaintiffs).

Burton/Hawks, Inc., a corporation; Rex L. Randolph; Steve C. Champlin; R. Downs Poindexter; Grady Vaughn; Albert Sklar; R.K. O'Connell; Rainbow Resources, Inc.; Terra Resources, Inc.; EMC Energies, Inc.; Frank L. Schulte; Horizon Oil & Gas Co.; William R. Dixon; Husky Oil Co.; First Interstate Bank of Casper, N.A.; Bill Hawks; Guy Burton, Jr.; Bill D. Farleigh; and Williams Exploration Company, Appellants (Defendants),

CITY OF EVANSTON, Wyoming, a Wyoming municipal corporation; Cities Service Company, a corporation; Amoco Production Company, a corporation; Mesa Petroleum Company, a corporation, (Defendants),

v.

George L. ROBINSON and Sarah J. Robinson, husband and wife; Kilburn Porter and Nellie Evaline Porter, husband and wife, Appellees (Plaintiffs).

Nos. 84–86, 84–87.

Supreme Court of Wyoming.

July 11, 1985.

Dennis W. Lancaster of Phillips, Lancaster & Thomas, P.C., Evanston, for appellant in Case No. 84–86.

Houston G. Williams and Richard L. Williams of Williams, Porter, Day & Neville, P.C., Casper, for appellants in Case No. 84–87.

Charles D. Phillips, Evanston, Frank J. Allen, Salt Lake City, Utah, for appellees.

Before THOMAS, C.J.*, and ROSE, ROONEY **, BROWN and CARDINE, JJ.

ROSE, Justice.

These appeals present a single issue for review:

"Does the City of Evanston have such right, title or interest in the streets and alleys of the City as will allow the City to grant a valid oil and gas lease covering

---

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral arguments.

the oil and gas underlying the streets and alleys?"

The case arose as a class action by property owners in Evanston, Wyoming, seeking a declaration of the rights to oil, gas and other minerals underlying the streets and alleys abutting their lots. The district court determined that the City had acquired no rights or interest in the minerals as a result of the dedication of the streets and alleys to the public use. Accordingly, the court entered summary judgment denying the claims to the underlying minerals asserted by the City, its mineral lessee, and the lessee's assignees. We will affirm.

## FACTS

Members of the class involved in this litigation own property in the original Town of Evanston or in subsequently developed subdivisions. The plat of the original town was recorded August 19, 1870, and specified areas were dedicated to the public use:

"I, Grenville M. Dodge, being Agent and Trustee for the Union Pacific Railroad Co. as owner of the lands, lots and premises described and shown on the foregoing plat do designate and name the Town of Evanston, and dedicate the Streets, Alleys, and Public grounds therefor shown on Said Plat to the public use."

No statute governed the effect of filing a plat or dedicating streets and alleys at the time that the original town was established.

The plats for all of the other subdivisions involved in this case were filed between 1885 and 1950 and are subject to the Platting and Dedication Act, §§ 34–12–101 through 34–12–104, 34–12–106 through 34–12–115, W.S.1977. These plats included or had attached language of dedication similar to the following example:

"I, Martin V Morse, being the owner of the land and premises described and shown on the plat hereto annexed, do name the same as M.V. Morse's Fourth Addition to the Town of Evanston, in the State of Wyoming. And I do hereby dedicate the streets and alleys as shown on said plat to the public use."

Property owners within these subdivisions sought a judicial declaration of the rights to the minerals underlying the streets and alleys and brought this class action against the City of Evanston; Burton/Hawks, Inc., the City's oil and gas lessee; various assignees of Burton/Hawks; and Cities Service Company, Amoco Production Company and Mesa Petroleum Company, operators charged with the distribution of proceeds from the sale of the oil and gas. The district court entered summary judgment, declaring

" * * * [t]hat Defendant City of Evanston does not (except as it claims through conveyances other than the dedications of streets and alleys affected by the acknowledgement and/or filing of plats) own oil and gas and other minerals underlying streets and alleys abutting lots owned by members of the Class."

The district court did not determine the extent, if any, of the property owners' rights in the minerals, but directed the entry of judgment pursuant to Rule 54(b), W.R.C.P., so that the City, Burton/Hawks, and the assignees of Burton/Hawks could perfect immediate appeals to this court.[1]

## DEDICATION OF PROPERTY TO THE PUBLIC USE

*Common Law Dedication of Streets and Alleys*

■ When the plat of the original Town of Evanston was filed in August, 1870, the Territory of Wyoming had no laws in effect concerning the platting of subdivisions or the dedication of property. The territorial

---

**1.** In its brief, appellant City of Evanston raises questions concerning the property owners' titles to the minerals and their obligations to pay property taxes on the minerals. These matters do not pertain to the single issue decided by

declaratory judgment and will not be addressed by this court.

Unless otherwise indicated, for purposes of this opinion "appellants" refers to appellants in both Case No. 84–86 and Case No. 84–87.

legislature had repealed all laws enacted by the Territory of Dakota which might have affected the question of ownership under a dedication. Chapter 84, Laws of the Wyoming Territory, 1869. Consequently, the common law governs the dedication of streets and alleys in the original plat. *Gay Johnson's Wyoming Automotive Service Co., Inc. v. City of Cheyenne, Wyo.,* 367 P.2d 787 (1961).

We have held that dedication of streets and alleys at common law creates an easement:

"* * * Under common law, at dedication the public or municipality acquires an easement in the streets and alleys, but the fee remains in the original proprietor or abutting owner." *Gay Johnson's Wyoming Automotive Service Co., Inc. v. City of Cheyenne, supra,* 367 P.2d at 788.

The City's interest under a common-law dedication is sufficient to accommodate the use of the property by the public for street and related purposes, but the City acquires no interest in the minerals underlying the streets. *Leadville v. Coronado Mining Co.,* 37 Colo. 234, 86 P. 1034 (1906); *Lambach v. Mason,* 368 Ill. 41, 53 N.E.2d 601 (1944).

Appellants contend that the dedicatory language associated with the original town plat is broad enough to overcome this common-law rule. The phrase "dedicate[d] * * to the public use," according to appellants, indicates that the dedicator intended to convey the street areas for more public uses than streets alone. For example, the City has the right to lay sewer and utility lines beneath the surfaces of streets, appellants point out. See *Ruby Drilling Co., Inc. v. Billingsly, Wyo.,* 660 P.2d 377 (1983). Other permissible, subsurface uses would include the mining of oil and gas to obtain revenues for the public coffers, appellants submit. If the dedicator intended to reserve an interest in the minerals beneath the streets, it should have restricted the general dedicatory language, appellants conclude.

We cannot agree that the addition of the phrase "to the public use" enlarges the effect of a common-law dedication. By definition, a dedication of property is an expression of the owner's intent to devote that property to the public use:

"* * * [A] dedication is generally defined as the devotion of property to a public use by an unequivocal act of the owner, manifesting an intention that it shall be accepted and used presently or in the future. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication. Thus it is vital to a dedication of property to public use that it is to be forever and irrevocable after acceptance, and that it be for a public use." 11 McQuillin, Mun Corp § 33.02, p. 636 (3rd ed.).

"* * * Dedication is the intentional appropriation of land by the owner to some proper public use. The intention of the owner to set aside lands or property for the use of the public is the foundation and life of every dedication. [Citation.]" *City of Phoenix v. Landrum & Mills Realty Co.,* 71 Ariz. 382, 227 P.2d 1011, 1013 (1951).

See also *Hand v. Rhodes,* 125 Colo. 508, 245 P.2d 292, 295 (1952); 4 Tiffany, The Law of Real Property, § 1101, p. 574 (3rd ed. 1975).

The dedicatory language attached to the plat of the original Town of Evanston simply expresses the owner's intent to devote the delineated streets and alleys to the public use, in compliance with the elements of a lawful dedication. Under the law of the Territory of Wyoming applicable at the time, such dedication transferred only an easement. *Gay Johnson's Wyoming Automotive Service Co., Inc. v. City of Cheyenne, supra.* Therefore, the streets and alleys in the original town plat were appropriated for public passage and not for the multiple uses envisioned by appellants.

The fact that the public's interest as an easement holder encompasses the right to install utility lines under the streets does not compel the conclusion that the City has

the right to remove minerals underlying the streets. Courts have historically recognized that a city's interest in dedicated streets and alleys includes the right to use so much of the ground underneath as might be required for laying gas and water pipes, building sewers, and for other related municipal purposes. *Ruby Drilling Co., Inc. v. Billingsly*, supra; *City of Leadville v. Bohn Mining Company*, 37 Colo. 248, 86 P. 1038 (1906). Elliott's treatise, The Law of Roads and Streets, contains the following comprehensive definition of a street:

> "The right of the public in a street is by no means confined to the surface of the way, and this all who set apart land for a street are conclusively presumed to know. ' "Street" means more than the surface; it means the whole surface and as much of the depth as is, or can be, used, not unfairly, for the ordinary purpose of a street. It comprises a depth which authorizes the urban authority to do that which is done in every street, namely, to raise the street, and lay down sewers—for, at the present day there can be no street in a town without sewers, or at least the right to construct them—and, also, for the purpose of laying down gas and water pipes. "Street," therefore, includes the surface and so much of the depth as may not unfairly be used as streets are used.' But it has been held that dedication for a street does not deprive the owner of the right to mine underneath without interfering with it."

1 Elliott, The Law of Roads and Streets § 20, pp. 21–22 (4th ed. 1926). The extraction of minerals, unlike the installation of equipment for urban services, is inconsistent with the public's interest in the dedicated property as the holder of easements for passage and transportation.

■ We hold that, in accepting the plat of the original town, the City of Evanston acquired no interest in the minerals underlying its streets and alleys, either by operation of law or as a result of the dedicatory language associated with the plat. The public's interest extends to the use of the surface for transportation and to that portion of the land beneath the surface which is necessary for the construction of streets and the provision of urban services.

## Statutory Dedication of Streets and Alleys

The Platting and Dedication Act, supra, governs the filings of all of the subdivision plats at issue in this case except the original town plat. Section 34–12–104, W.S. 1977, of the Act has remained substantially the same since its adoption and provides:

> "The acknowledgment and recording of such plat, is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets, or other public use, or is thereon dedicated to charitable, religious or educational purposes."

Appellants contend that under this statute the City received a fee simple determinable in dedicated streets and alleys, which interest includes the right to the underlying minerals for so long as the City uses the property for public ways.[2] In support of their position, appellants cite *Belgum v. City of Kimball*, 163 Neb. 774, 81 N.W.2d 205, 62 A.L.R.2d 1295 (1957); *Mattheisen & Hegeler Zinc Co. v. City of La Salle*, 117 Ill. 411, 2 N.E. 406 (1885); *City of Des Moines v. Hall*, 24 Iowa 234 (1868).

While we have not previously considered the question of a city's right to extract the minerals underlying its streets and alleys, we have analyzed the interests acquired by municipalities under § 34–12–104 in other contexts. In *Tissino v. Mavrakis*, 67 Wyo. 560, 228 P.2d 106 (1951), we upheld the district court's order enjoining a private property owner from obstructing a public street and found no error in the court's declaratory judgment

---

**2.** Appellants describe the interest acquired by the City as a "fee simple determinable," since the City loses all rights to the property upon vacation, *Payne v. City of Laramie*, Wyo., 398 P.2d 557 (1965), and "the proprietors of the lots so vacated may enclose the streets, alleys and public grounds adjoining lots in equal proportions." Section 34–12–109, W.S.1977.

" * * * [t]hat the fee simple title to all of that portion of Harvey Avenue, * * * together with all alleys within such Subdivision * * * as shown by said Plat, belongs to the public and such fee simple title is hereby confirmed in the public, for public use as such street and alleys." 228 P.2d at 109.

More recently, we examined the terms of the statute as they bear on a city's right to vacate and sell land dedicated as a street. We said that the statutory language effected a conveyance to the municipality of a title in trust for the benefit of the public:

" * * * [I]n answer to the precise question submitted, we have no alternative but to hold that the interest the defendant city acquired in the above-described premises as a result of the dedication under the then existing statutory provisions was, at best, a title in trust for the public, granting to the city the right to hold, use, occupy, and enjoy the premises for public use as a street. Once that right was terminated by vacation pursuant to authority delegated to the city by the legislature the city no longer had any title or interest in the premises. It has nothing to sell or to convey." *Payne v. City of Laramie*, Wyo., 398 P.2d 557, 562 (1965).

In reaching this conclusion we relied on the discussion by the Iowa Supreme Court in *City of Des Moines v. Hall*, supra, an opinion existing at the time that we adopted our platting statutes from those in effect in Iowa:

"In considering the matter, it is fitting that we go first to the source of the statutes relating to the platting of a townsite. As mentioned in *Thomas v. Jultak*, 68 Wyo. 198, 231 P.2d 974, 979, our statutes, adopted in 1876, were taken almost verbatim from Iowa, and the provision with which we are particularly concerned, § 34-115 [predecessor of § 34-12-104, W.S.1977] is substantially the same as § 637, Code of Iowa, 1851. In 1868, some eight years prior to adoption here, the Iowa Supreme Court in *The City of Des Moines v. Hall*, 24 Iowa 234, 239, was called upon to construe the

meaning of the section. In the initial opinion it was said in substance that the force of the statute was to divest the proprietor of the title to the premises set aside for the street and to vest the same in the public. In essence that is the view this court took of that language in *Tissino v. Mavrakis*, 67 Wyo. 560, 228 P.2d 106, 115. In neither opinion was anything said concerning the vesting of title in a municipality. However, the Iowa court's opinion as to the streets went on to point out, at 24 Iowa 238, that the statute nevertheless gave to the municipality 'the fullest power and control over the same, which can arise from title, in order that all improvement of them as highways might be made without let or hindrance from any quarter.' Then on rehearing the court went further. It was then said that statutory dedication under the provisions of § 637 did vest a 'fee simple' title to the streets in the municipality. But, even then, the Iowa court did not go as far as we are asked to go. As pointed out in the dissent, at 24 Iowa 248, the majority conceded the possibility of reverter in case the streets should be vacated and conceded 'that the city could not sell the streets or any part of them.' With these limitations it is apparent that Iowa, at the time our statute was adopted, did not hold that the language employed vested a fee simple absolute to the streets in the municipality. Instead, the interest received was what is sometimes rather loosely described as a qualified, base, or determinable fee. [Citations.]" 398 P.2d at 559–560.

We summarized the holdings in our prior cases in *Ruby Drilling Co., Inc. v. Billingsly*, supra, 660 P.2d at 279–280, and concluded that § 34-12-104 was intended not to vest the public authority with fee title to the land *underlying* a street or alley, but rather to grant an interest or title in trust in designated ways for the public benefit. We held in that case that abutting property owners lacked sufficient interest in a dedicated roadway to maintain

an action in trespass for the installation of a water line within the street area.

Notwithstanding the foregoing cases characterizing the public's interest as a title "for public use as such street and alleys" or "the right to hold, use, occupy, and enjoy the premises for public use as a street," appellants contend that the public authority also acquires a fee simple in the mineral estate when streets and alleys are dedicated. The strong language of § 34–12–104 requires such a conclusion, appellants urge.

▪ Section 34–12–104 provides that the proper filing of a subdivision plat "is equivalent to a deed in fee simple" of areas set apart for public use. The term "fee simple" distinguishes estates in real property which, typically, are of potentially infinite duration. This general term includes the estate in fee simple absolute and all types of estates in fee simple defeasible. Restatement of the Law 2d Property § 14 and Comment a. A fee simple may be created in the mineral estate alone or in the surface estate alone. *Williams v. Watt,* Wyo., 668 P.2d 620 (1983).

We considered the ramifications of a statutory reference to the fee simple estate in *State ex rel. Cross v. Board of Land Commissioners,* 50 Wyo. 181, 58 P.2d 423 (1936). The statute at issue there directed State officials, under specified circumstances, to issue a land patent conveying title "in fee simple" to the patentee. The purchaser contended that the terms of the statute required a conveyance of the mineral estate, notwithstanding the fact that the State had reserved the minerals in the contract for sale:

"Stress is laid by relator upon the language of section 91–513, [3] quoted above, that when a patent for state lands is

issued it shall 'convey a good and sufficient title to the patentee therein named in fee simple,' and it is said that the use of the words 'in fee simple' establishes that the title to said land when sold must necessarily include all the minerals below the surface thereof." 58 P.2d at 429–430.

After reviewing pertinent authorities, this court concluded that the statute in question permitted the board of commissioners to transfer to the purchaser a "fee-simple estate" in "the land, excepting, however, minerals and mining rights." 58 P.2d at 430.

▪ It is clear that the concept of a fee simple estate in the surface in no way violates the commonly understood meaning of the phrase "in fee simple" found in § 34–12–104. The statute goes on to precisely define and limit the fee simple estate transferred by the recording of a plat to *"such portion* of the premises platted as is on such plat *set apart for streets,* or other public use." (Emphasis added.) Giving these words their plain and ordinary meaning,[4] that portion of the subdivision set apart for streets and alleys reasonably includes only the surface and so much of the subsurface as is necessary for street construction and municipal services. We would impermissibly strain the express statutory provisions were we to hold that those areas set apart for streets and alleys include a band of ground extending to the center of the earth and encompassing all of the minerals beneath the roadways. The transfer of mineral rights to the public domain is inconsistent with the dedication of narrowly specified areas of private property for public passage.

The case for excluding the minerals from the transferred estate is even stronger under § 34–12–104 than under § 91–513, supra n. 3, at issue in *State ex rel. Cross v.*

---

3. Section 91–513, W.R.S.1931, provided in part: "Whenever the purchaser of any state land, or his assigns, has complied with all the conditions of this article, and has paid all the purchase money therefor, together with the lawful interest thereon, he shall receive a patent for the land purchased. * * * Such patent signed and executed as aforesaid, shall convey

a good and sufficient title to the patentee therein named in fee simple."

4. Words used in a statute must be given their plain and ordinary meaning unless otherwise indicated. *Stagner v. Wyoming State Tax Commission,* Wyo., 682 P.2d 326 (1984); *Wyoming State Department of Education v. Barber,* Wyo., 649 P.2d 681 (1982).

*Board of Land Commissioners,* supra. There, the statute required the board of land commissioners to convey a fee simple title to the "land" purchased. In holding that the board could convey the land exclusive of the mineral estate, we emphasized the importance of reason and context in interpreting statutory language:

"It is argued that the use of the word 'land' in the statutes of this state, providing for the sale by the board of land commissioners of state-owned property of that character, refers only to land in the sense of its having an indefinite extent upward and downward from the surface, and therefore it always includes whatever may be erected upon it and whatever may be directly under it. The word may have that meaning of course, under some circumstances, but it does not always have it. Reason and context play an important part in determining its true significance." 58 P.2d at 429.

We hold, therefore, that the City of Evanston acquired no interest in the oil, gas or other minerals underlying its streets and alleys as a result of the recording and acknowledgment of subdivision plats pursuant to § 34–12–104. We note that courts in other jurisdictions have interpreted legislation corresponding to § 34–12–104 in a similar fashion. *Mochel v. Cleveland,* 51 Idaho 468, 5 P.2d 549 (1930) (under a statute identical to ours the city acquired title to lands for public use only); *Sowadzki v. Salt Lake County,* 36 Utah 127, 104 P. 111, 116 (1909) (the "fee to the surface" passes pursuant to a statute which vests the fee of dedicated parcels of land for the uses intended in the recorded plat[5]); *City of Leadville v. Bohn Mining Company,* supra, 86 P. at 1040 (under a statute which vests in the municipality the fee of the streets, alleys and other designated places, the city acquired "a complete, perpetual, and continuous title to the space designated as streets, so long as it used them for the purpose intended"). We decline to follow those cases cited to us by appellants as we find them inconsistent with the language and subject matter of § 34–12–104.

Appellants' argument that the broad dedicatory language enlarges the effect of the statutory dedications fails for the reasons discussed with respect to common-law dedications.

The declaratory judgment entered by the district court is affirmed.

ROONEY, J., filed a specially concurring opinion.

ROONEY, Justice, specially concurring.

I do not disagree with that said in the majority opinion, but note that some of the law quoted and cited therein pertains to ownership of the streets and alleys and of the mineral rights pertaining thereto *after vacation* of the streets and alleys. We are here concerned with ownership of the mineral rights when there has been no vacation of the streets and alleys.

I also note that the judgment of the district court, herein affirmed, recognizes that the ownership of the mineral rights is in none of the parties hereto but is in the dedicators or their successors and assigns. Such estate cannot be changed without proper conveyance or under pertinent statutory provisions. Although not directly addressing this portion of the judgment, the law cited in the majority opinion supports the district court's position with reference to it.

---

**5.** Accord: *Sears v. Ogden City, Utah,* 572 P.2d 1359 (1977); *Mallory v. Taggart,* 24 Utah 2d 267, 470 P.2d 254 (1970); *White v. Salt Lake City,* 121 Utah 134, 239 P.2d 210 (1952).