TOWN OF MOORCROFT, Wyoming, Appellant, (Defendant),

Lincoln Land Company, a former Nebraska corporation, (dissolved August 5, 1974, and any and all successors in interest, heirs, executors, administrators, trustees and assigns thereof (Defendants),

v.

Gladys D. LANG, Robert H. Hays, and Evelyn J. Hinz, Appellees (Plaintiffs).

LINCOLN LAND COMPANY, a former Nebraska corporation, (dissolved August 5, 1974, and any and all successors in interest, heirs, executors, administrators, trustees and assigns thereof Appellants (Defendants),

Town of Moorcroft, Wyoming, (Defendant),

v.

Gladys D. LANG, Robert H. Hays, and Evelyn J. Hinz, Appellees (Plaintiffs).

Nos. 87–182, 87–183.

Supreme Court of Wyoming.

Sept. 7, 1988.
Rehearing Granted, Nov. 1, 1988.

Cecil A. Cundy, Sundance, and Harlan A. Schmidt, Spearfish, S.D., for appellant Lincoln Land Co.

Mark L. Hughes of Hughes & Dumbrill, Sundance, for appellant Town of Moorcroft.

Thomas D. Roberts of Morgan, Brorby, Price & Roberts, Gillette, for appellees.

Before BROWN, C.J.*, and THOMAS, CARDINE, URBIGKIT, JJ., and KALOKATHIS, District Judge.

KALOKATHIS, District Judge.

This is an appeal from an order granting summary judgment in favor of the appellees, whose property abuts the streets and alleys in the Town of Moorcroft (Town). It concerns the ownership of mineral rights under land originally dedicated as streets and alleys to the Town of Moorcroft. The contestants for these mineral rights include the Town, the original dedicator, Lincoln Land Company (Lincoln) and the abutting landowners.

The dispute arose over claims asserted to mineral rights underlying property in Township 49 North, Range 67 West, 6th P.M., Crook County, Wyoming, Section 6: Lot 3, now a portion of the Town of Moorcroft, Wyoming. The abutting landowners moved for summary judgment on April 10, 1987. The trial court found that the abutting landowners, or their successors in interest, possessed a fee ownership in a mineral estate under streets and alleyways originally dedicated to the Town and granted their motion. From this finding the Town and Lincoln appeal.

We hold that the mineral rights remain in the original dedicator.

The Town presents the following issue: Who owns the oil, gas and other minerals underlying the streets, alleys, parks, etc. within the town limits of the Town of Moorcroft, Wyoming, among the adjoining lot owners, the original dedicator and the Town of Moorcroft and should the ruling of this court in the case of *City of Evanston v. Robinson*, 702 P.2d 1283 (Wyo.1985) be overturned.

Lincoln states the issue as:

Whether the developer, the Town or the adjoining lot owners own the oil, gas and other mineral interests underlying the streets and alleys of the Town of Moorcroft?

The area in question was originally platted as a town by appellant Lincoln on April 25, 1901, through the filing of a plat in Crook County, Wyoming. Following the initial plat, two additional filings were designated. These filings occurred on February 4, 1904, and on May 8, 1920. Following the platting of these areas, title was transferred by Lincoln through warranty deed to individual lot purchasers, the successors and assigns of whom are appellees herein. The plat filed May 6, 1901, stated that "as indicated by said plat and surveyors certificate, that the streets, avenues and alleys * * * are hereby dedicated to the public use." The warranty deeds conveyed by Lincoln to the individual lot purchasers did not reserve or except a mineral estate, including oil, gas and associated hydrocarbons.

On March 24, 1984, the Town granted an oil and gas lease to Buckhorn Petroleum Company, a Colorado company, which leased all of the lands owned by the Town "including all lots owned or controlled by the town, two public parks, the city dump, the cemetery, and all streets and alleyways * * * ." Oil was discovered beneath the surface of the area in question. The producing well in question was designated "Gill 3–6 Oil Well."

On October 30, 1986, a number of lot owners whose lots abutted dedicated streets within the Town filed a complaint in the district court for declaratory judgment to quiet title. They moved to certify the matter as a class action under W.R.C.P. 23, and notice was sent to the Town and to Lincoln. On November 5, 1986, the trial court gave notice of the class action and rights to class members. On November 28, 1986, a separate answer was filed by Lincoln claiming all right, title or interest in the oil, gas and associated hydrocarbons and other minerals in and under the streets and alleyways. Lincoln claimed its right to the mineral estate under color of a warranty deed dated July 13, 1891, which contained no exception or reservation of oil, gas or associated hydrocarbons or other minerals. A separate answer was filed by the Town seeking a declaration that it be adjudged the true and lawful owner of all

* Retired June 30, 1988.

of the oil, gas, coal and other associated hydrocarbons found under the streets and alleyways which had originally been dedicated to the public use by Lincoln.

The trial court characterized the Town's interest as an easement in the streets or alleyways and found that the possessory rights to the underlying minerals were in the abutting property owners. The trial court also noted that the conveyances of the property from Lincoln to abutting owners contained no reservation of right for any mineral interest. Lincoln claims that the dedication did not affect its possessory interest in the mineral estate underlying the dedicated streets and alleyways and argues that it retained the rights to the minerals, oil and gas.[1]

The Town asserts ownership to the mineral estate by virtue of W.S. 34–12–104, which states that the acknowledgment and recording of a plat is "equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets, or other public use * * *." Additionally, the Town urges this court to overrule its holding in *City of Evanston v. Robinson*, 702 P.2d 1283, 1286 (Wyo.1985), which held that a municipality acquires no interest in the oil, gas or other minerals underlying the streets as a result of the recording and acknowledgment of a subdivision plat. The abutting landowners argue that the order granting summary judgment as properly decided in their favor and the judgment should be affirmed.

■ Dedication of land for use by the public may occur either by virtue of common law or through statute. 11 E. McQuillin, Municipal Corporations, § 33.03, p. 640 (3d ed. 1983), distinguishes between these two types of dedication:

A statutory dedication is one pursuant to the terms of the statute, and is almost universally created by the filing and recording of a plat. A common-law dedication requires an intention to dedicate expressed in some form, and an acceptance of the dedication by the proper public authorities, or by general public user. It is distinguishable from a statutory dedication, which is in the nature of a grant, and from prescription which is based on a long period of use. Generally a common-law dedication rests upon the doctrine of estoppel. Statutory dedication generally vests the legal title to the grounds set apart for public purposes in the municipal corporation, while the common-law method leaves the legal title in the original owner. * * *

In Wyoming, dedication at common law creates an easement in the municipality. We stated in *Gay Johnson's Wyoming Automotive Service Co., Inc. v. City of Cheyenne, Wyoming*, 367 P.2d 787, 788 (Wyo. 1961).

Under common law, at dedication the public or municipality acquires an easement in the streets and alleys, but the fee remains in the original proprietor or abutting owner. [Citations.]

The dedication accomplished by the recording and acknowledgment of the plat in this case was governed by statute, namely § 1402 of Revised Statutes of Wyoming, 1887. That section decreed the recording of a plat "equivalent to a deed in fee simple of such portion of the premises platted." The present Platting and Dedication Act, W.S. 34–12–101 through 34–12–115, is virtually identical to that early statute.

We have held that, upon dedication under this statutory language, a fee simple determinable[2] in the surface is created. It en-

---

1. It should be noted that the mineral rights underlying the lots conveyed by Lincoln to the abutting landowners are not at issue in this decision. It is also important to note that the streets and alleyways were initially dedicated to the public use and were never conveyed to the landowners.

2. An estate in fee simple determinable, also called an estate in fee simple defeasible, is defined as

An estate in fee simple which is subject to a special limitation (defined in § 23), a condition subsequent (defined in § 24), an executory limitation (defined in § 25) or a combination of such restrictions. Restatement of Property, § 16, p. 43 (1936).

The determinable character of such an estate includes both expiration and divestment. Id. The estate created under the statute at issue in this case is a fee simple determinable in the surface because, upon vacation of any platted

compasses that area of dedicated property "set apart for streets and alleys and reasonably includes only the surface and so much of the subsurface as is necessary for street construction and municipal services." *City of Evanston,* 702 P.2d at 1289.

Dedication is the intentional appropriation of land by the owner to some proper public use. The intention of the owner to set aside lands or property for the use of the public is the foundation and life of every dedication. [Citation.]

*City of Phoenix v. Landrum & Mills Realty Co.,* 71 Ariz. 382, 386, 227 P.2d 1011, 1013 (1951).

[I]t is vital to a dedication of property to public use that it is to be forever and irrevocable after acceptance, and that it be for a public use. 11 E. McQuillin, supra, § 33.02 at 636.

Thus, dedication is the concomitant of public use. Dedication for public use generally involves such matters as use of ground for cemeteries, schools, highways, bridges and parks. 26 C.J.S. Dedication § 8, pp. 407–412 (1956). We cannot assume that dedicated property, subject to mineral exploitation, meets the criterion of public use.

Early case law did not see fit to include within the meaning of "public use" an attempt to exploit the mineral estate. A Colorado case held that

the intent and purpose of our statue is to clothe the city in its governmental capacity with entire title to the streets, as such, for public use and not for the 'profit or emolument of the city.' It was plainly the intention of the dedicator to part with the title to so much of its property only as was necessary to effectuate the purpose of establishing certain streets and alleys designated and described upon the plat for public use and to clothe the city with the absolute title thereto for that purpose only, and not to vest it with any estate or interest in ores that may exist thereunder * * *.

*City of Leadville v. Bohn Mining Co.,* 37 Colo. 248, 86 P. 1038, 1040 (1906).

streets or alleyways, the Town loses all right to the property. See *Payne v. City of Laramie,* 398

■ Revenues from such mineral exploitation may ultimately benefit the public, especially if retained by the Town. However, the public retention of funds does not meet the public use test. See 11 E. McQuillin, supra, § 32.29a at 350–352.

■ Since the revenues derived from the minerals and oil and gas do not qualify as a "public use" of the dedicated property, there is no compelling reason to depart from the doctrine of stare decisis and overrule *City of Evanston v. Robinson,* 702 P.2d 1283 (Wyo.1985), as the Town urges. The fee simple determinable that the Town acquired when Lincoln dedicated streets and alleyways for public use was specially limited by the language of W.S. 34–12–104, which requires continuous public use. Since the concept of public use is inconsistent with an attempt to exploit the mineral estate for profit, the original dedication did not operate to transfer that estate. The abutting landowners did not lose any rights to the minerals underlying their parcels because, under the applicable statute, title to the mineral estate remained in Lincoln.

The trial court determined that "[a] city or town does not acquire an interest in oil, gas or minerals underlying the streets or alleyways pursuant to [W.S. 34–12–104], but only acquires so much of the surface and subsurface as is necessary for street construction and municipal services." We agree with this portion of the order. However, based on this finding and our discussion above, summary judgment favoring the abutting landowners is reversed. The trial court is instructed to enter judgment on behalf of the Lincoln County Land and Title Company or its successors and assigns.

THOMAS, Justice, dissenting.

Although I am not in complete accord with the rationale for its decision, I would affirm the district court in this case. Its conclusion that the abutting landowners own the minerals lying under the streets

P.2d 557 (Wyo.1965); and W.S. 34–12–104.

and alleys in the Town of Moorcroft is eminently correct under Wyoming law and the recognized law from other jurisdictions. Except to the extent that the majority opinion reaffirms *City of Evanston v. Robinson,* 702 P.2d 1283 (Wyo.1985), declining the invitation to overrule that case, I respectfully dissent. I would hold that Lincoln Land Company conveyed title to the center of each street and alley to the abutting landowners, and, as a matter of law, those abutting landowners possess the mineral estate to the center of the street or alley since Lincoln Land Company did not reserve or except minerals in its conveyances.

The Supreme Court of Illinois put the matter succinctly in *Prall v. Burckhartt,* 299 Ill. 19, 132 N.E. 280, 18 A.L.R. 992 (1921). It was argued in that case that the legislature could not dispose of the reversionary interest of a dedicator in the land within the dedicated plat because legislative action such as that would constitute a deprivation of property without due process of law. The Illinois Supreme Court, in rejecting the argument, said:

" * * * After the dedicator has executed and recorded the plat in conformity with the statute and there has been an acceptance, he has neither a reversion nor a possibility of reverter in the streets. He has completely disposed of all of his interest. When, then, the street is afterwards vacated, the dedicator, having no interest of any kind therein, is not deprived of any property without due process of law. The proprietor, by reason of dedicating a part of the premises for streets, enhances the value of the lots to which such streets give access. His grantees pay the enhanced value, and the proprietor thereby receives a consideration not only for the precise amount of the land described in each lot, but also, in effect, for that embraced in the street upon which the lots abut. Having been once paid for the land embraced in a street, he ought not to be permitted, on vacation, to assert title thereto as against one who has paid him the consideration therefor." *Prall v. Burckhartt,* supra, 132 N.E. at 284.

This rule clearly is the law in Wyoming. If the Town of Moorcroft were to vacate the dedicated streets and alleys, the abutting landowners would receive title to the surface estate. Section 34–12–109, W.S.1977; *Thomas v. Jultak,* 68 Wyo. 198, 231 P.2d 974 (1951); *Tissino v. Mavrakis,* 67 Wyo. 560, 228 P.2d 106 (1951). Cf. *Gay Johnson's Wyoming Automotive Service Company v. City of Cheyenne,* 367 P.2d 787 (Wyo.1961), *reh. denied* 369 P.2d 863 (Wyo. 1962). Section 34–12–109, W.S.1977, manifests the legislative decision that, in the event of a vacation of an area in a dedicated plat, the abutting landowners, not the dedicators and not the city, have the strongest claim to the area vacated.

The rule really is quite straightforward. The mineral estate is not transferred by the dedication and is retained in favor of the abutting landowner to the center of a dedicated street or alley. If the owner of the platted land has not conveyed the abutting property, he owns the minerals; if the owner of the platted property has sold it, his grantees own the minerals.

This rule lead ineluctably to the decision in *City of Evanston v. Robinson,* supra. In that case, we held that a statutory dedication conveyed a determinable fee in the surface estate to the city. The holding was compatible with the rationale of our prior decisions, as well as with the reasoning of courts in other jurisdictions that have adopted language in their statutes similar to that found in the Wyoming statutes relating to the interest that is conveyed by the "acknowledgement and recording" of a plat. Section 34–12–104, W.S.1977. See, e.g., *Ruby Drilling Company, Inc. v. Billingsly,* 660 P.2d 377 (Wyo.1983); *Payne v. City of Laramie,* 398 P.2d 557 (Wyo.1965); *Tissino v. Mavrakis,* supra; *Mochel v. Cleveland,* 51 Idaho 468, 5 P.2d 549 (1930); *Sowadzki v. Salt Lake County,* 36 Utah 127, 104 P. 111 (1909); *City of Leadville v. Bohn Mining Company,* 37 Colo. 248, 86 P. 1038 (1906). Cf. *Morad v. Brown,* 549 P.2d 312, 316 (Wyo.1976) ("a dedication conveys an easement in the people to use the streets and alleys * * * "). These decisions manifest the rule that, following the

dedication, the dedicator retains a fee simple in the land, including the mineral estate, subject to the determinable fee in the surface estate owned by the city.

Thus, in *City of Leadville v. Bohn Mining Company*, supra, the Supreme Court of Colorado held that a lessee from the dedicator could mine underneath the streets as long as the mining did not interfere with the use by the public or the municipality of the streets as highways. See, generally, 2 B. Elliott & W. Elliott, Roads and Streets § 876.1 at 1142–1143 (4th ed. 1926). I emphasize that the facts in *City of Leadville v. Bohn Mining Company*, supra, demonstrate that title to the abutting land and that horizontal estate underlying the streets was retained by the dedicator. Hypothetically, in this instance, Lincoln Land Company did own the horizontal estate beneath the streets and alleys up until the time it conveyed the abutting land to other persons. At the time of conveyance, it had the opportunity to except or reserve the mineral estate in the deeds. If it had not conveyed the land or had reserved the mineral estate, I would agree that Lincoln Land Company and its successors in interest should receive any proceeds from the recovery of oil underlying the dedicated streets and alleys.

The record does not justify any claim of an excepted or reserved mineral estate in favor of Lincoln Land Company. Instead, the record clearly shows that, subsequent to the dedication, Lincoln Land Company conveyed the land abutting the dedicated areas by various deeds. The conveyances describe the property in terms of lots and blocks, and none of those deeds includes any reservation of a mineral estate. The general rule is that "a conveyance by lot and block, and by reference to a map or plat which locates the premises on a public highway, street, or alley, carries title to the center of the way if the grantor owns so much, unless an intention to the contrary sufficiently appears." 12 Am.Jur.2d

*Boundaries* § 48 at 587 (1964); 11 C.J.S. *Boundaries* § 35 at 583–584 (1938); see also *Shaw v. Johnston*, 17 Idaho 676, 107 P. 399 (1910) (cited in *Payne v. City of Laramie*, supra, as consistent with Wyoming law). Cf. *Coumas v. Transcontinental Garage*, 68 Wyo. 99, 230 P.2d 748 (1951) (recognizing the general rule but holding it to be inapplicable in the facts of that particular case).

It also is generally accepted that a conveyance of any parcel of land, without reserving or excepting the mineral estate, passes title to both the surface and mineral estate, if both are owned by the grantor. 38 Am.Jur.2d *Gas and Oil* § 14 at 493–494 (1968). Cf. *Holland v. Windsor*, 461 P.2d 47, 51 (Wyo.1969) (any exception from the estate owned "should be as clearly described as the parcel granted * * * "). The result from applying these general rules is that Lincoln Land Company conveyed its entire interest in the dedicated streets and alleys to the center of the street or alley to the abutting landowners, including its interest in the mineral estate. The abutting landowners took subject only to the determinable fee in the surface estate of the dedicated area, which previously had been conveyed to the Town of Moorcroft.

It follows that the holding in the majority opinion that the mineral estate was retained by the dedicator, Lincoln Land Company, for the benefit of its successors cannot be supported and is wrong. It is inconsistent with *City of Evanston v. Robinson*, supra, and other Wyoming cases. The decision of the district court should be affirmed in accordance with the appropriate and generally recognized rules of law.